### ANSEL CARPENTER *vs.* HERRICK S. FIFIELD.

A sheriff who suffers an arrested debtor to escape is liable in his official character and not as bail. Hence, if compelled to pay the debt in consequence of his default, he has no remedy against the debtor.

An officer who allows one lawfully arrested to go at large without taking bail suffers the escape of such person.

TRESPASS ON THE CASE. Heard by the court on an agreed statement of facts.

*January* 27, 1883. MATTESON, J. This is an action of trespass on the case to recover moneys paid by the plaintiff, by reason of having become, as he alleges, bail for the defendant. The case is

---

submitted on an agreed statement of facts, which is substantially as follows :

On the 11th day of November, 1874, the plaintiff, a deputy sheriff for the county of Providence, arrested the defendant on a writ in an action of trover in favor of Dresser, Bradt & Goodwin. One William S. Fifield indorsed the writ as bail for the defendant, by writing on it his surname and the initials only of his Christian and middle name, instead of writing his Christian name in full as required by the statute.[1] Dresser, Bradt & Goodwin obtained judgment in their action against the defendant, who left the State, and could not be found to be taken on execution. Subsequently, Bradt & Goodwin, surviving partners of the firm of Dresser, Bradt & Goodwin, brought suit against the sheriff for the default of the plaintiff as his deputy, and recovered judgment for $334.35, which was paid by the plaintiff on the 19th day of April, 1879. The plaintiff also expended about $200 in and about the defence of the suit against the sheriff. These sums he now seeks to recover in the present suit.

The defendant contends that a deputy sheriff cannot become bail, or be answerable in that character, for a debtor whom he has arrested, but that if he permits such debtor to go at large, without taking bail, or after taking bail in a defective manner, so that the bail cannot be held, he is answerable in his official character for an escape, and not as bail ; and, therefore, that he has not the rights of bail over his principal, and if compelled to pay the debt in consequence of his default, has no remedy against the debtor. We think these positions are well taken. In *Brown* v. *Lord*, Kirby, 209, it was held that a sheriff is liable for an escape, but not as bail ; nor is he to be sued as such, but in his official character ; the reason being, doubtless, that a plaintiff is not to be compelled to rely merely on the personal responsibility of the sheriff, but is entitled to the security afforded by the bond given by him for the faithful performance of his duties as sheriff. In *Dresser* v. *Fifield*, 12 R. I. 24, this court held, that to constitute a person who indorses a writ under Gen. Stat. R. I. cap. 196, § 8, bail, he must write his Christian and surname in full. In

---

[1] See *Dresser* v. *Fifield*, 12 R. I. 24.

*Adams* v. *Hedgpeth*, 5 Jones, 327, the instrument returned as a bail bond had been signed and sealed by the defendant, but his name did not appear in the body of the bond, nor was it stated in the condition that he was bail for the principal obligor. It was held that the defendant was not thereby constituted bail ; and in *Adams* v. *Jones*, 1 Winst. 199, 200, it was held that the taking of such a bond was not to be regarded as taking bail. An officer who allows a person under lawful arrest to go at large, without taking bail, suffers an escape of such person. Sewell's Law of Sheriff, *440. The plaintiff, therefore, in permitting the defendant to go at large after arresting him on the writ, without taking from Fifield a valid bail bond, or requiring him to indorse the writ with his Christian name in full, instead of its initial merely, suffered him to escape, which was a breach of his duty as a sheriff. Having been obliged to pay money in consequence, he cannot maintain an action to recover it, wherein he must allege his own breach of duty. *Eyles* v. *Faikney*, Peake Nisi Prius, 144, note (a) ; *Pitcher* v. *Bailey*, 8 East, 171. And see, also, *Cordron* v. *Lord Masserene*, Peake Nisi Prius, 143, in which the same rule is recognized.

*Judgment for defendant for costs.*